The Memorandum Decision and Order below is hereby signed.  Dated: October 10, 2008.



/s/ S. Martin Teel, Jr.
_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| LINTON PROPERTIES, LLC, <u>et al.</u>, | ) ) ) | Case No. 08-00095 (Chapter 7) Jointly Administered |
| Debtors. | ) ) ) | **Not for Publication in West's Bankruptcy Reporter** |

MEMORANDUM DECISION AND ORDER RE
THE TRUSTEE'S MOTION TO VACATE RELIEF FROM AUTOMATIC STAY

Marc E. Albert is the Chapter 7 Trustee of the bankruptcy estates of the debtors in these jointly administered cases, Linton Properties, LLC ("Linton Properties") and Ronald M. Linton and Nancy G. Linton ("Lintons").  He has filed a motion to set aside an order (the "Relief from Stay Order") entered in favor of Chesapeake Bank & Trust ("Chesapeake") to the extent that the order permitted Chesapeake to enforce writs of garnishment served on accounts of the debtors.  The trustee contends that the garnishments that were the subject of the Relief from Stay Order were ineffective by reason of improper service.  Chesapeake responds that the trustee is barred by prior orders of this court from challenging the validity of the writs of garnishment, and

that the writs in any event were valid and effective.  This decision sets forth my preliminary views regarding the trustee's motion.

In granting relief from the automatic stay while this case was still pending as a chapter 7 case, the court was concerned that a chapter 7 trustee might wish to assert that the writs were avoidable or unenforceable, but until a trustee spoke on the matter there was no reason not to let the garnisheed funds be collected by Chesapeake so long as they were held by Chesapeake's counsel in escrow until a trustee in a later chapter 7 case spoke.  Now that the trustee has spoken, there is good reason to vacate the order granting relief from the automatic stay.

The only issue to decide is whether to lift the stay, not to decide whether the trustee's claim is defeated by the defenses that Chesapeake has raised.  The papers filed regarding the trustee's motion raise substantial issues that are worthy of resolution through an adversary proceeding.  This does not necessarily mean that I would rule in the trustee's favor on the legal issues the parties have briefed on the instant motion.  It only means that the trustee is entitled to have the status quo restored to permit him adequate opportunity through an adversary proceeding to press his challenge to the validity of Chesapeake's asserted liens, a challenge that is not demonstrably frivolous.

Had the trustee been present at the lift stay hearing in the

chapter 11 case and noted his intention to pursue a claim that the writs of garnishment were ineffective, I would have denied the motion for relief from the automatic stay, subject to the trustee's promptly pursuing an adversary proceeding to determine the validity of Chesapeake's writs of garnishment.  So long as the trustee's pursuit of his claim would not be plainly frivolous, I would have ruled that it was premature at that juncture to determine the correctness of the parties' respective positions regarding the validity of the liens and to determine whether the trustee is barred from challenging the validity of the asserted liens.

The parties' papers on the instant motion may have already briefed the legal issues as thoroughly as would occur were an adversary proceeding to be brought.  But it is preferable that the issues be framed by way of an adversary proceeding.  (Indeed, Chesapeake contends that its liens can be declared invalid only through an adversary proceeding as required by Fed. R. Bankr. P. 7001.)  The point is to restore the status quo so that the trustee may pursue his position by the ordinary vehicle of an adversary proceeding, with a complaint and an answer to frame the issues, and presumably motions for summary judgment to be filed on the legal issues as to which there is no genuine factual

dispute.[1]

    Nevertheless, I have already directed that a hearing on Chesapeake's Motion to Compel Trustee to Complete Sale of Real Property will be held on October 15, 2008, at 2:00 p.m.  Even if, pursuant to my preliminary views expressed above, I vacate the Relief from Stay Order, I will need to address whether the funds are to continue to be held in escrow by Chesapeake's counsel, and also the amount of time that the trustee will be permitted to file an adversary proceeding to determine the validity of the writs of garnishment.  Chesapeake will be free at the hearing to attempt to sway me from my preliminary views expressed above.  It is thus

    ORDERED that a hearing on the trustee's motion will be heard on October 15, 2008, at 2:00 p.m.

                                         [Signed and dated above.]

Copies to: Debtor; Debtor's attorney; Chapter 7 Trustee; Office of United States Trustee; Katherine M. Sutcliffe Becker, Esq.; Troy C. Swanson, Esq.; Craig M. Palik, Esq.

---

[1] It would appear that the parties might be able alternatively to file a stipulated record for purposes of a trial of the adversary proceeding.

4